UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PAMELA RAY,

    Plaintiff,

v.

ADAMS AND ASSOCIATES, INC., a business
Entity; OTHNIEL McDOWELL, an individual, and
MARY GEOGHEGAN, an individual,

    Defendants.

_____/

## NOTICE OF REMOVAL

Defendant, ADAMS AND ASSOCIATES, INC. ("AAI"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the action is now pending, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

**I.    INTRODUCTION**

1. On or about August 23, 2021, Plaintiff, PAMELA RAY ("Plaintiff"), filed a civil action against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, entitled *Pamela Ray v. Adams and Associates, Inc., Othniel McDowell, and Mary Geoghegan*, assigned Case No. 21-016172 (hereinafter referred to as the "State Court Action").

2. Plaintiff's Complaint (the "Complaint" or "Compl.") contains the following Counts against all Defendants (except as noted): (1) Violation of Florida Civil Rights Act ("FCRA") for

Race Discrimination (Count I) (against AAI only); (2) Retaliation in Violation of FCRA (Count II) (against AAI only); (3) Gross Negligent Infliction of Emotional Distress (Count III); (4) Violation of Whistleblower's Act (Count IV) (against AAI only); (5) Outrage (Count V); (6) Wage Violations (Counts VI and VII).

3.  A true and correct copy of all process, pleadings, and orders served upon AAI in the State Court Action are attached hereto as Composite Exhibit A.

4.  As set forth more fully below, the State Court Action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. §1331, because Plaintiff has asserted claims for unpaid overtime wages which are governed by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367(a).

5.  A copy of the Complaint and Summons in the State Court Action was purportedly served on AAI on August 26, 2021. This constituted AAI's first legal notice of the State Court Action for purposes of removal. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which AAI received notice of the State Court Action.

6.  Pursuant to 28 U.S.C. §1446(a), the District and Division where this action is pending is the United States District Court for the Southern District of Florida, Broward Division, and AAI properly seeks to remove this action to this Court.

7.  Pursuant to 28 U.S.C. § 1446(d), AAI will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

8. The individual Defendants consent to the removal of the State Court Action.

## II. THIS ACTION IS WITHIN THIS COURT'S JURISDICTION

### A. Venue

9. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. §1446(a), as it is the District Court embracing the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida. *See* 28 U.S.C. §89(c).

### B. Federal Question Jurisdiction

10. This action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted allegations of unpaid overtime in Counts VI and VII which fall under the FLSA. *See, e.g., Valdivieso v. Atlas Air, Inc.*, 128 F. Supp. 2d 1371, 1374 (S.D. Fla. 2001) (denying motion to remand and permitting the removal of an FLSA action because it was within the Court's federal question jurisdiction).

11. When a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on the resolution of a substantial question of federal law, a claim 'arises' under federal law for section 1331 purposes." *Roman v. Hooters Spring Hill, Inc.*, 2016 WL 8997452, at **2-3 (M.D. Fla. July 8, 2016) (denying motion to remand based on argument that plaintiff did not include an FLSA claim in her complaint, but referenced the FLSA in her complaint).

12. Here, Plaintiff alleges that she was scheduled to work 45 hours per week but only paid for 40 hours per week. Compl., at ¶¶ 31, 39. She then asserts that she was not permitted to put the 5 hours in excess of 40 hours on her timesheet. Compl., ¶¶ 32, 39. She contends that she was not paid for the 5 hours in excess of 40 hours. Compl., ¶ 33. Finally, she alleges that as to a certain payment she was paid untimely "for the **overtime hours** she put on the timesheet, but paid it **at a straight-time rate**." Compl., ¶ 40. She adopts those allegations into each of the Counts in

her Complaint. Compl., at ¶¶ 73, 78, 83, 91, 98, 105, 100. She then specifically asserts claims for the payment of wages she contends she was not paid (<u>or not timely paid</u>). Compl., ¶¶ 107 & 112.

13. Plaintiff conclusorily alleges that AAI violated "federal laws and regulations" and "other laws" (*i.e.*, laws which are not the Florida Constitution and Florida Civil Rights Act to which she specifically refers in the Complaint), but fails to specifically identify those other and federal laws and regulations to which she refers. *See* Compl., at ¶¶ 93, 95, 96. However, Plaintiff references the FLSA in her Complaint in connection with unpaid wage claims. Compl., at ¶¶ 109 and 114. Plaintiff also seeks damages which are available under the FLSA, such as liquidated damages. *See* Compl., at Counts VI and VII.

14. Where, as here, a plaintiff's claims require the Court to interpret and apply federal statutes or the right to relief depends on the resolution of a substantial question of federal law, subject matter jurisdiction is proper in the federal court. *See id*. at *2. Here, resolution of whether Plaintiff was entitled to overtime payments under the FLSA is necessary. Florida's Constitution and Florida's Minimum Wage Act do not provide relief for overtime wages, such that only the FLSA would have given her rights to the overtime rate she alleges she was not paid. *See* Fla. Const. Art. X, § 24 (setting minimum wage in Florida); Fla. Stat. § 448.110 (providing measures for implementation of minimum wage pursuant to Fla. Const. Art. X, § 24); *see also Marino v. Spizzigo Enters., L.L.C.,* No. 20-24391-CIV, 2021 U.S. Dist. LEXIS 21502, at *21 n.3 (S.D. Fla. Feb. 3, 2021) ("The Court has found no authority holding that the Florida Minimum Wage Act creates a cause of action for unpaid overtime wages.").

15. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims contained in Counts I through V of the Complaint because those claims arise out of a common nucleus of operative facts in relation to the federal law claims contained in

Counts VI and VII of the Complaint and are so related that they form part of the same case or controversy.

16.  Based on the allegations set forth in the Complaint, all of Plaintiff's claims arise from a common nucleus of facts concerning her alleged employment, her entitlement to certain payments, and the termination of her alleged employment. Specifically, in Counts I through V, Plaintiff adopts as part of her claim her allegation that AAI delayed paying Plaintiff her overtime hours submitted and only paid the overtime hours at a straight-time rate. *See* Compl. at ¶ 40. All claims reference and incorporate the same set of operative facts, and thus, Plaintiff's federal and state law claims involve the same witnesses and presentation of the same evidence. *See* Compl., at ¶¶ 73, 78, 83, 91, 98, 105, and 110.

17.  Plaintiff's federal and state law claims also all include the determination of the same or similar issues of fact. For instance, each Count of the Complaint raises a question of fact as to non-payment of wages or "wage theft" (including alleged non-payment of overtime wages) and Plaintiff's termination. *See* Compl. at ¶¶ 73-77 (Count I), ¶¶ 78-82 (Count II), ¶¶ 83-90 (Count III), ¶¶ 91-97 (Count IV), and ¶¶ 98-104 (Count V). Accordingly, Plaintiff's claims arise from a common nucleus of facts pertaining to AAI's alleged failure to pay her wages and/or overtime and her termination. *See Norris v. Lake Conway Landscaping of Orlando*, 2014 WL 5472522, at *2 (M.D. Fla. Oct. 22, 2014) (denying motion to remand and finding the plaintiff's FLSA and state law claims arose from a common nucleus of facts where they related to his employment, entitlement to certain wages, and termination). Given these common issues, if the federal and state law claims were tried in different courts there would be a risk of inconsistent factual findings.

18.  Based on the foregoing, Plaintiff's state law claims are so related to the FLSA claims within this Court's original jurisdiction that they form part of the same case or controversy.

5

*See Poleon v. Estes Express Lines*, 2015 WL 12916328, at *2 (M.D. Fla. Jan. 30, 2015) (concluding that plaintiff's FLSA and breach of oral contract claims were so related when the "[p]laintiff's FLSA and state law claims will involve many, if not all, of the same witnesses, presentation of the same evidence, and determination of the same or similar facts by the trier of fact").

19. Finally, Plaintiff's state law claims do not raise novel or complex issues of state law or predominate over the FLSA claims. *See* 28 U.S.C. § 1367(c); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743-46 (11th Cir. 2006) (holding that district court abused its discretion when it dismissed supplemental jurisdiction claim absent a persuasive showing under § 1367(c)).

20. For all of those reasons, convenience, fairness, and judicial economy would be disserved if the parties were required to litigate Plaintiff's claims before two different courts. *See Holtzman v. B/E Aerospace, Inc.*, 2007 WL 3379763, at *4 (S.D. Fla. No. 14, 2007) (finding request to remand only some of the claims would "be wasteful of judicial resources, especially given the high likelihood that the Plaintiff will present the same evidence to prove its case in both proceedings.").

21. Accordingly, this action is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441.

WHEREFORE, Defendant, ADAMS AND ASSOCIATES, INC., hereby removes this case from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida, and respectfully requests that the Court exercise jurisdiction over this matter and proceed with resolution of this case as if it had been originally filed herein.

DATED this 27th day of September 2021.

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida  33131
Tel:  (305) 400-7500
Fax: (305) 603-2552

By**:** */s/ Stefanie M. Mederos*
Stefanie M. Mederos, Esq.
Florida Bar No.: 12041
E-mail:  smederos@littler.com
Secondary: ccano@littler.com
Rebecca Anguiano, Esq.
Florida Bar No.: 99690
E-mail: ranguiano@littler.com
Secondary: grivas@littler.com

COUNSEL FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 27th day of September 2021, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

*/s/ Stefanie M. Mederos*
Stefanie M. Mederos, Esq.

## **SERVICE LIST**

Chris Kleppin
Florida Bar No. 625485
E-Mail: *ckleppin@gkemploymentlaw.com*
The Kleppin Firm, P.A.
8751 W. Broward Boulevard, Suite 105
Plantation, Fl 33324
Telephone No. (954) 424-1933
Facsimile No. (954) 474-7405
***Counsel for Plaintiff***
***Served via CM/ECF and E-mail***

4851-6493-5420.5 / 093167-1010